**WO**                                                                                          BL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Felix Chavez, | ) | No. CV 05-3953-PHX-MHM (DKD) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Maricopa County, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Felix Chavez, currently confined in the Maricopa County Lower Buckeye Jail in Phoenix, Arizona, has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983.[1]  This action is one of more than one thousand lawsuits filed in this district since September 2004 alleging that the overcrowded conditions in the Maricopa County jail system have resulted in a variety of constitutional violations.  The Court will order that the action be served upon Defendant Arpaio.

**A.      Application to Proceed In Forma Pauperis & Filing Fee.**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  No initial partial filing fee will be assessed by this Order. 28 U.S.C.

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.).  No such fund exists.  The inmates in Hart asked for injunctive relief and not monetary damages.  The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

TERMPSREF 28

1    § 1915(b)(1).  By separate order, the Court will direct the appropriate agency to collect

2    monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust

3    account.  These payments will be forwarded by the appropriate agency to the Clerk of Court

4    each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.

5    28 U.S.C. § 1915(b)(2).

6         Plaintiff should take notice that if he is released before the filing fee is paid in full, he

7    must pay the remaining unpaid amount of the filing fee within 120 days of the date of his

8    release.  If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of

9    his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why

10   he is unable to pay the remainder of the filing fee.

11   **B.    Statutory Screening of Prisoner Complaints.**

12        The Court is required to screen complaints brought by prisoners seeking relief against

13   a governmental entity or officer or employee of a governmental entity.   28 U.S.C.

14   § 1915A(a).  The Court must dismiss a complaint or portion thereof if the Plaintiff has raised

15   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

16   may be granted, or that seek monetary relief from a defendant who is immune from such

17   relief.  28 U.S.C. § 1915A(b)(1),(2).

18   **C.    Complaint.**

19        Plaintiff names as Defendants (1) Maricopa County and (2) Joseph M. Arpaio, Sheriff

20   of Maricopa County, alleging that he oversees the operations, maintenance, management, and

21   administration of the jails.  Plaintiff argues that his constitutional rights were violated by

22   (1) overcrowding, resulting in insufficient facilities, excessive noise, headaches, and health

23   problems, (2) unsanitary conditions due to insufficient and improper cleaning supplies,

24   resulting in staph infections, and (3) deliberate indifference to his medical needs because

25   Defendant Arpaio has a policy in which an inmate must submit a medical request form prior

26   to being seen for medical treatment, and there are insufficient medical forms, resulting in his

27   medical needs not being met.  Plaintiff seeks monetary and other relief.

28

TERMPSREF                                              - 2 -

1    **D.    Failure to State a Claim.**

2    *1.    Defendant Maricopa County*

3    To state a valid constitutional claim, a plaintiff must allege that he suffered specific

4    injury as a result of the specific conduct of a defendant, and show an affirmative link between

5    the injury and the conduct of the defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377

6    (1976).  Under Monell v. New York City Dept. of Social Serv., 436 U.S. 658, 691 n. 55

7    (1978), "[m]unicipalities cannot be held liable under a traditional *respondeat superior* theory.

8    Rather, they may be held liable only when 'action pursuant to official municipal policy of

9    some nature caused a constitutional tort.'" Haugen v. Brosseau, 351 F.3d 372, 393 (9th Cir.

10   2003) (suit against both city and police department).  Plaintiff fails to sufficiently allege that

11   his constitutional rights were violated as a result of official Maricopa County policy.

12   Accordingly, Defendant Maricopa County will be dismissed without prejudice.

13   *2.    Count III - Deliberate Indifference to his Medical Needs*

14   "[D]eliberate indifference to serious medical needs of prisoners constitutes the

15   'unnecessary and wanton infliction of pain.'" Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).

16   "To demonstrate that a prison official was deliberately indifferent to an inmate's serious . . .

17   health needs, the prisoner must show that 'the official [knew] of and disregard[ed] an

18   excessive risk to inmate health.'" Austin v. Terhune, 367 F.3d 1167, 1172 (9th Cir. 2004)

19   (citing to Farmer v. Brennan, 511 U.S. 825, 838 (1994)).  "In order to know of the excessive

20   risk, it is not enough that the person merely 'be aware of facts from which the inference

21   could be drawn that a substantial risk of serious harm exists, [ ] he must also draw that

22   inference.'  If a person should have been aware of the risk, but was not, then the person has

23   not violated the Eighth Amendment, no matter how severe the risk." Gibson v. County of

24   Washoe, Nev., 290 F.3d 1175, 1188 (9th Cir. 2002).

25   Plaintiff alleges that due to Defendant Arpaio's policy, he may only receive medical

26   treatment after submitting a medical request form, and that there are insufficient forms.

27   However, Plaintiff fails to allege that he suffers from a serious medical need which is being

28   disregarded as a result of the policy.  Thus, Plaintiff fails to sufficiently allege that Defendant

Arpaio was deliberately indifferent to his medical needs and this Count will be dismissed without prejudice.

**E.    Claims For Which An Answer Will be Required.**

At this early stage, Plaintiff sufficiently alleges that his constitutional rights were violated by (1) overcrowding and (2) unsanitary conditions.  Defendant Arpaio will be ordered to answer these Counts.

**F.    Warning of Possible Dismissal Pursuant to Rule 41.**

Plaintiff should take notice that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

**IT IS THEREFORE ORDERED that:**

(1)  Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. # 1) is granted pursuant to 28 U.S.C. § 1915(a)(1).

(2)  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.  Plaintiff is assessed no initial partial filing fee.  All fees shall be collected and paid in accordance with this Court's Order to the appropriate government agency filed concurrently herewith.

(3) Count III and Defendant Maricopa County are dismissed without prejudice.

(4) Defendant Arpaio is ordered to answer Counts I and II.

(5)  The Clerk of Court shall send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendant Arpaio.

(6)  Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)  If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on the Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(8)  The United States Marshal shall retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9)  The United States Marshal shall notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendant shall include a copy of this Order.  The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received.  If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

(a)  Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

(b)  Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant.  The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10)  **A Defendant who agrees to waive service of the Summons and Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11)  Defendant shall answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12)  Any answer or responsive pleading shall state the Defendant by name on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the Defendant by name on whose behalf it is filed.

(13)  Plaintiff shall serve upon Defendant, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendant or counsel.  Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court.

(14)  At all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date.  Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

(15)  A clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Plaintiff.

1        (16)  This matter is referred to Magistrate Judge David K. Duncan pursuant to Local

2  Rules of Civil Procedure 72.1 and 72.2 for further proceedings.

3        DATED this 27th day of March, 2006.

 

 

Mary H. Murguia
United States District Judge